Judge Wood
stated the case, and delivered the opinion of the court:
On the trial, it was admitted that Daniel Symmes died seized of the premises in question, on May 10, 1817. The title of the plaintiff was derived through a sale made by the administrators of Symmes, under an order of the court of common pleas of Hamilton county, directing them to sell “thirty *acres [537 of land, situated in fractional section No. 12, township 4, fractional range 1; or in fractional section No. 7, town 3, fractional range 1; or a part, in both of said sections, being an undivided thirty acres of a tract of seventy acres.” The administrators sold to W. D. Jones and conveyed to him a tract of land, in fractional section 12, town 4, and fractional range 1, by specific location, and a deed *546 from Jones to the lessor of the plaintiff, bearing date on August 22,1832. The plaintiff then offered parol evideno to prove that the lands claimed under these deeds were the same actually sold by the administrators, and possession being admitted by the defendants, the plaintiff rested, the court admitting the testimony offered, although it was objected to by the defendants.
The defendants then offered the record of a judgment in the-common pleas, rendered August 8, 1816, in favor of the Miami Exporting Company v. Daniel Symmes and others; an execution issued on that judgment dated January 23,1817, on which was an indorsement in these words, “ Levied on the following described land, to wit: forty acres lying and being in fractional section No. 12, town No. 4, fractional range No. 1; or in fractional section No. 7, town No. 3, and fractional range No. 2; or a part of said land in each of the foregoing sections, towns, and ranges, etc., as the property of Daniel Symmes. Cincinnati, March 8,1817.” In the appraisement and in a vendí, of June 18, 1817, the description is in the same words, and on the vendí, the sheriff has returned a sale made in these words: “ July 21, 1817, sold the within land to-Nicholas Longworth for the sum of five thousand and ten dollars.” The defendants also offered in evidence the sheriff’s deed of the land to Longworth, dated July 24, 1817, and in which the lands sold are described as recited in the levy, sale, advertisement, and valuation, agreeably with the returns on the execution, but more particularly by the following boundaries : “ adjoining lands on the south owned by Jacob Wheeler; on the east by William Lytle; on the north by Jacob Baymiller and Jesse Hunt; and westwardly by the state road, leading to Mad river, by Martin Baum, Smith, Findlay, and J. H. Piatt, being bounded on all sides by the property of the said persons, and supposed to contain forty acres, be the same more or less.”
The plaintiffs objected to this evidence, but it was admitted and the defendants rested their case.
The plaintiffs then proposed to prove but forty acres were 588] ^levied on and embraced in the levy, return, appraisement, advertisement, and sale under which Nicholas Longworth claims, whereas there were sixty-nine or seventy acres embraced in his deed, to all which he claimed title under his deed. This evidence was objected to and overruled, and a verdict for defendants.
V. Worthington, for plaintiff.
N. Wright, Caswell, and Fox, for defendant.
1. Point: Was tbe sheriff’s deed to Longworth properly admitted as evidence of the defendant’s title ?
2. Did the court err in rejecting the evidence offered by the plaintiff to prove the levy, appraisement, advertisement, and sale-were of forty acres only, whereas the defendant’s deed contained sixty-nine or seventy acres ?
The first point, that the deed was properly admitted, I think, may be supported by the current of the authorities. If the deed is no part of the sheriff’s return, it is an act required by law of the sheriff in the execution of his duty to complete the title to the purchaser, and is, uncontradicted, prima facie evidence that the land it conveys was levied upon and sold. It is but prima facie, and may, therefore, be rebutted by other evidence, that the land levied on and sold, is not the land covered by the deed? The court, therefore, erred in refusing the testimony to show that the land conveyed was not all sold by the sheriff on his levy. This disposes of both points. R. Douglass v. McCoy, etc., 5 Ohio, 524.
New trial granted.